UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HYUN SOOK KIM, ) | |
| ) | CASE NO. C07-994-RSM-MJB |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| DISTRICT DIRECTOR, CITIZENSHIP ) | |
| AND IMMIGRATION SERVICES, ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

On June 27, 2007, petitioner Hyun Sook Kim filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by the U.S. Immigration and Customs Enforcement ("ICE") pursuant to an order of removal entered *in absentia* on March 14, 2001. (Dkt. #1). In his habeas petition, petitioner asserts that he is presently detained at the McHenry County Jail in Woodstock, Illinois, pursuant to a warrant of deportation issued on or about February 18, 2004. (Dkt. #1 at 2).

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *See Rumsfield v. Padilla*, 542 U.S. 426, 434, 124 S. Ct. 2711 (2004) (quoting 28 U.S.C. § 2242, 2243) ("The

REPORT AND RECOMMENDATION
PAGE -1

writ, or order to show cause shall be directed to the person having custody of the person detained."). Moreover, under 28 U.S.C. § 2241, the petitioner must file his habeas petition in the district of confinement. *See* 28 U.S.C. § 2241*; see also Padilla,* 542 U.S. at 447 ("Together they compose a simple rule that has been consistently applied in the lower courts . . . Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name the warden as respondent and file the petition in the district of confinement." ). Here, petitioner is detained at the McHenry County Jail in Woodstock, Illinois. Accordingly, the proper venue for this case is the United States District Court for the Northern District of Illinois.

Furthermore, it will be more convenient for the petitioner, prison officials, and other witnesses to have this action proceed in the District Court for the Northern District of Illinois. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties, and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where is might have been brought."). The Court recommends that this action be transferred to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404.

DATED this 19th day of October, 2007.

_____
MONICA J. BENTON
United States Magistrate Judge